IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERIK GARCIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | FILE No. |
| SOHO CITY CAFÉ LLC and ) | |
| ANGIE'S PROPERTIES INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, ERIK GARCIA, by and through the undersigned counsel, and files this, his Complaint against Defendants, SOHO CITY CAFÉ LLC and ANGIE'S PROPERTIES INC., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff ERIK GARCIA (hereinafter "Plaintiff") is and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

1

Sometimes Plaintiff's disability impacts his grasping strength as well.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7. Defendant, SOHO CITY CAFÉ LLC (hereinafter "SOHO CITY CAFÉ LLC"), is a Texas limited liability company that transacts business in the State of Texas and within this judicial district.

8. Defendant, SOHO CITY CAFÉ LLC, may be properly served with process via its registered agent for service, to wit: Harry Bogdanos, Registered Agent, 513 College Avenue, South Houston, TX 77587.

9. Defendant, ANGIE'S PROPERTIES INC. (hereinafter "ANGIE'S PROPERTIES INC."), is a Texas company that transacts business in the State of Texas and within this judicial district.

10. Defendant, ANGIE'S PROPERTIES INC., may be properly served with process via its registered agent for service, to wit: Angela Bogdanos, Registered Agent, 10314 Goodrum, Houston, TX 77041.

**FACTUAL ALLEGATIONS**

11. On or about November 4, 2019, Plaintiff was a customer at "City Café" a business located at 513 College Avenue, South Houston, TX 77587, referenced herein as "City Café".

12. City Café is operated by Defendant, SOHO CITY CAFÉ LLC.

13. Defendant, SOHO CITY CAFÉ LLC, is the lessee or sub-lessee of the real property and improvements that are the subject of this action and operates City Café.

14. Defendant, ANGIE'S PROPERTIES INC, is the owner or co-owner of the real property and improvements that City Café is situated upon and that is the subject of this action, referenced herein as the "Property."

15. Plaintiff lives 12 miles from City Café and the Property.

16. Plaintiff's access to the business(es) located 513 College Avenue, South Houston, TX 77587, Harris County Property Appraiser's account number 0340840650009 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants, SOHO CITY CAFÉ LLC and ANGIE'S PROPERTIES INC., are compelled to remove the physical barriers to access and correct the ADA violations that exist at City Café and the Property, including those set forth in this Complaint.

17. Plaintiff has visited City Café and the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting City Café and the Property within six months or sooner, after the barriers to access detailed in this Complaint are removed and City Café and the Property is accessible again. The purpose of the revisit is to be a regular customer, to determine if and when City Café and the Property is made accessible and to maintain standing

for this lawsuit for Advocacy Purposes.

18. Plaintiff intends on revisiting City Café and the Property to purchase goods and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

19. Plaintiff travelled to City Café and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at City Café and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the City Café and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

20. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

21. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of

<div style="margin-left:2em">

discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

</div>

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

22.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

23.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

24.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

25.    City Café is a public accommodations and service establishment.

26.    The Property is a public accommodation and service establishment.

27. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

28. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

29. City Café must be, but is not, in compliance with the ADA and ADAAG.

30. The Property must be, but is not, in compliance with the ADA and ADAAG.

31. Plaintiff has attempted to, and has to the extent possible, accessed City Café and the Property in his capacity as a customer of City Café and the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at City Café and the Property that preclude and/or limit his access to City Café and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32. Plaintiff intends to visit City Café and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at City Café and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at City Café and the Property that preclude and/or limit his access to City Café and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including

those barriers, conditions and ADA violations more specifically set forth in this Complaint.

33. Defendants, SOHO CITY CAFÉ LLC and ANGIE'S PROPERTIES INC., have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of City Café and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

34. Defendants, SOHO CITY CAFÉ LLC and ANGIE'S PROPERTIES INC., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, SOHO CITY CAFÉ LLC and ANGIE'S PROPERTIES INC., are compelled to remove all physical barriers that exist at City Café and the Property, including those specifically set forth herein, and make City Café and the Property accessible to and usable by Plaintiff and other persons with disabilities.

35. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to City Café and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of City Café and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i) Near Metro PCS, the accessible parking space is not adequately marked and is in violation of Section 502.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(ii) Near Metro PCS, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section

502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iii)   Near Metro PCS, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards. This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(iv)   Due to the presence of a 3 inch vertical rise at the accessible ramp near Metro PCS, the Property lacks an accessible route from the accessible parking space to the accessible entrance of the Property in violation of Section 208.3.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(v)   Due to the presence of a 3 inch vertical rise at the accessible ramp near Metro PCS, this accessible ramp has vertical rises in excess of ¼ inch and therefore it is in violation of section 405.4 of the 2010 ADAAG standards.

(vi)   Near Metro PCS, the accessible ramp side flares have a slope in excess of 1:10 in violation of Section 406.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(vii)   Near City Café, due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route, vehicles routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route causing the exterior access route to routinely have clear widths below the minimum thirty-six (36") inch requirement specified by Section 403.5.1 of the 2010 ADAAG

        Standards. This violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(viii)    Near City Café, due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route, vehiclesroutinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route as a result, in violation of Section 502.7 of the 2010 ADAAG Standards, parking spaces are not properly designed so that parked cars and vans cannot obstruct the required clear width of adjacent accessible routes.

(ix)    There are changes in level at Property exceeding ½ (one-half) inch that are not properly ramped in violation of Section 303.4 of the 2010 ADAAG standards. Specifically, there is an approximately 1-2 (one to two) inch vertical rise along the accessible route and at the accessible entrances to multiple units of the Property, thus rendering the interior of the Property inaccessible. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(x)    Due to the vertical rises exceeding ½ inch at multiple units at the Property, the Property lacks one accessible route connecting the accessible elements and accessible spaces on the same site, this is a violation of section 206.2.2 and section 206.2.4 of the 2010 ADAAG Standards.

(xi)    The maneuvering clearance of the accessible entrances to multiple units of the property are not level in violation of Section 404.2.4.4 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(xii) Due to the accessible barrier present at the accessible entrances, the accessible entrances of the Property lack at least one accessible route provided within the site to the parking lot, public streets and sidewalks in violation of Section 206.2.1 of the 2010 ADAAG standards.

(xiii) The Property lacks signage identified by the International Symbol of Accessibility that indicates the location of the nearest entrance complying with Section 404 of the 2010 ADAAG standards, if such an entrance exists. This policy decision by Defendant(s) violates Section 216.6 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to find an accessible entrance.

(xiv) The Property lacks an access route from site arrival points such as the public streets and sidewalks to the accessible entrance in violation of Section 206.2.1 of the 2010 ADAAG standards.

(xv) There is not at least one accessible entrance to each tenant space in the building that complies with Section 404 of the 2010 ADAAG standards which is a violation of section 206.4.5 of the 2010 ADAAG Standards.

(xvi) Near City Café, there is one accessible parking space that does not have a properly marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(xvii) Near City Café, the Property has an accessible ramp leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12 in violation of section 405.2 and a cross-slope of greater than 1:48 in violation of Section

      405.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(xviii) At City Cafe, there is a doorway threshold with a vertical rise in excess of ½ (one half) inch and does not contain a bevel with a maximum slope of 1:2 in violation of Section 404.2.5 of the 2010 ADAAG standards. The vertical rise at the accessible entrance to City Café is between 1 and 2 inches. This violation made it dangerous and difficult for Plaintiff to access the interior of the Property.

(xix) Near City Café, one of the accessible parking spaces is not located on the shortest distance to the accessible route leading to the accessible entrances in violation of Section 208.3.1 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to access the units of the Property.

(xx) Inside City Café, there is not at least 5% (five percent) of the counter seating dining surfaces provided for consumption of food or drink which complies with Section 902.2 requiring a clear floor space complying with 305 positioned for a forward approach, in violation of Section 226.1 of the 2010 ADAAG standards. The counter seating experience differs from sitting a tables nearby.

(xxi) Inside City Café, the interior has walking surfaces lacking a 36 (thirty-six) inch clear width, due to a policy of placing a cart on wheels in the accessible route, in violation of Section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features at the Property.

(xxii) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**CITY CAFÉ RESTROOMS**

(i) The accessible toilet stall door swings into the clear floor space required by the stall and violates Section 604.8.1.2 of the 2010 ADAAG standards. This made it difficult for the Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(ii) The hand operated flush control is not located on the open side of the accessible toilet in violation of Section 604.6 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iii) Due to a policy of keeping the trash receptacle under the sink, the restrooms have a sink with inadequate knee and toe clearance in violation of Section 306 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv) The door exiting the restroom lacks a proper minimum maneuvering clearance, due to the proximity of the door hardware to the adjacent wall, in violation of Section 404.2.4 of the 2010 ADAAG standards.  This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(v) The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(vi) The actionable mechanism of the paper towel dispenser is located out of reach ranges (exceeding 48 inches from the finished floor) this is a violation of section 308.2.1 of the 2010 ADAAG Standards.

(vii) The door hardware is in violation of section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

36. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at City Café and the Property.

37. Plaintiff requires an inspection of City Café and the Property in order to determine all of the discriminatory conditions present at City Café and the Property in violation of the ADA.

38. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

39. All of the violations alleged herein are readily achievable to modify to City Café and the Property into compliance with the ADA.

40. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at City Café and the Property is readily achievable because the nature and cost of the modifications are relatively low.

41. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at City Café and the Property is readily achievable because Defendants, SOHO CITY CAFÉ LLC and ANGIE'S PROPERTIES INC., have the financial resources to make the necessary modifications as the Property has a Market value of $461,297.00.

42. Upon information and good faith belief, City Café and the Property have been

altered since 2010.

43. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

44. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, SOHO CITY CAFÉ LLC and ANGIE'S PROPERTIES INC., are required to remove the physical barriers, dangerous conditions and ADA violations that exist at City Café and the Property, including those alleged herein.

45. Plaintiff's requested relief serves the public interest.

46. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, SOHO CITY CAFÉ LLC and ANGIE'S PROPERTIES INC.

47. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, SOHO CITY CAFÉ LLC and ANGIE'S PROPERTIES INC., pursuant to 42 U.S.C. §§ 12188 and 12205.

48. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, SOHO CITY CAFÉ LLC and SOHO CITY CAFÉ LLC., to modify City Café and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, SOHO CITY CAFÉ LLC, in violation of the ADA and ADAAG;

(b) That the Court find Defendant, SOHO CITY CAFÉ LLC., in violation of the

ADA and ADAAG;

(c) That the Court issue a permanent injunction enjoining Defendants, SOHO CITY CAFÉ LLC and SOHO CITY CAFÉ LLC., from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants, SOHO CITY CAFÉ LLC and ANGIE'S PROPERTIES INC., to (i) remove the physical barriers to access and (ii) alter the subject City Café and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: November 25, 2019.

Respectfully submitted,

/s/ Douglas S. Schapiro
Douglas S. Schapiro, Esq.
*Attorney for Plaintiff*
Southern District of Texas ID No. 3182479
The Schapiro Law Group, P.L
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com